UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY J. BAUS,

        Petitioner,

    v.

RON HAYNES,

        Respondent.

CASE NO. 2:21-cv-00225-RSL-JRC

ORDER FOR PETITIONER TO SHOW CAUSE

This matter is before the Court on referral from the District Court and on petitioner's amended petition for writ of habeas corpus, filed in response to the Court's show cause order. *See* Dkt. 12.

According to the allegations of his amended petition, petitioner was convicted of second degree rape and second degree assault in 2017 by a Washington State court. Dkt. 12, at 1. On March 6, 2019, the Washington State Supreme Court denied petitioner's request for discretionary review in his direct appeal. Dkt. 12, at 2. On December 20, 2019, petitioner filed a personal restraint petition, and the state supreme court denied his related motion for discretionary review

ORDER FOR PETITIONER TO SHOW CAUSE - 1

on July 20, 2020. Dkt. 12, at 3–4. His motion to modify the Commissioner's ruling related to discretionary review was denied November 25, 2020. Dkt. 12, at 4. Petitioner instituted this action on February 23, 2021. Dkt. 1. The Court directed service of the original petition on respondent. Dkt. 4.

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.[1] Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by providing the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)–(c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

Here, petitioner's amended petition includes both grounds that he states he has litigated before the Washington State Supreme Court (*see* Dkt. 12, at 7–21) and grounds that he states he never "exhausted" "at the state [court] level"—specifically grounds five through eight. Dkt. 12, at 22–27. The first four grounds allege that the prosecutor undermined the presumption of innocence and that trial counsel rendered ineffective assistance by failing to investigate the alleged victim's drug use, petitioner's medical history, and petitioner's neighbors. *See generally*

---

[1] *Available at* https://www.uscourts.gov/sites/default/files/rules-governing-section-2254-and-section-2255-proceedings.pdf.

Dkt. 12, at 7–21. These grounds appear to present the type of cognizable claims under § 2254 that would merit an answer from respondent.

Because grounds five through eight appear unexhausted from the face of the amended petition, petitioner's amended petition is a "mixed petition." When faced with a mixed petition, a district court may generally exercise one of three options:  (1) dismiss the mixed petition without prejudice, which allows the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition; or (3) allow the petitioner to delete the unexhausted claims and to proceed with the remaining claims. *See Rhines v. Weber*, 544 U.S. 269, 274–79 (2005). The Court addresses these options in turn, including the risks of each option.

First, petitioner can opt for dismissal of the mixed petition without prejudice to returning to federal court later with his fully exhausted petition. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the federal one-year statute of limitations tolls while a prisoner seeks collateral review in state courts—but not when the prisoner is in federal court. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing 28 U.S.C. 2244 (d)(2); *Rhines*, 544 U.S. at 274–75 (2005)). Thus, the first option poses the risk that petitioner may face dismissal of a later-filed petition in federal court as time-barred.

Second, petitioner can avail himself of the "stay and abey" procedure. A district court, on federal habeas review, has discretion to stay a mixed petition to allow a petitioner to return to state court to present his unexhausted claims. *Rhines*, 544 U.S. 269. The stay and abeyance procedure is invoked only in very limited circumstances, such as where:  (1) the petitioner has

good cause for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and, (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278. However, for petitioners who file mixed petitions and who are close to the end of the AEDPA's one-year time limit, there is a probability that they will not have time in which to exhaust state remedies and refile in federal court before the limitations period runs. In such cases, rather than dismissing the mixed petition outright, a district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 275. Once he has exhausted his state remedies, the federal court will lift the stay and allow the petitioner to proceed on his now-exhausted claims. *Id.* at 275–76.

Third, petitioner could choose to amend his petition by dropping procedurally barred grounds (i.e. grounds five through eight). In this case, petitioner should be aware that a future habeas petition brought after exhaustion of other grounds than those petitioner would litigate in this proceeding would likely face procedural obstacles—specifically, the prohibition against bringing a second or successive habeas petition to challenge his current conviction. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007) (noting that habeas petitioners proceeding with only exhausted claims may risk subjecting later petitions that raise new claims to rigorous procedural obstacles); *Cooper v. Calderon,* 274 F.3d 1270, 1272-73 (9th Cir. 2001) (per curiam) (noting that the relevant statutes greatly restrict the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications); 28 U.S.C. § 2244(b) (providing that a claim presented in a second or successive § 2254 habeas petition "shall" be dismissed unless certain substantive and procedural requirements are met).

///

Accordingly, it is **ORDERED:**

1. Petitioner should advise the Court by writing **on or before July 9, 2021** if he wishes the Court to: (1) dismiss the mixed petition without prejudice; (2) stay the mixed petition; or (3) delete the unexhausted claims (Grounds Five to Eight) and proceed solely on the remaining claims. On or before **July 23, 2021**, respondent shall file any response to petitioner's advisement of how he wishes to proceed.

2. If petitioner fails to file a response, the Court will enter a report and recommendation that the petition be dismissed without prejudice, which would not prevent petitioner from filing a future habeas petition, although petitioner should be aware that such may be untimely under the federal statute of limitations.

3. The Clerk shall send a copy of this Order to petitioner.

Dated this 9th day of June, 2021.

J. Richard Creatura
Chief United States Magistrate Judge