UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY J. BAUS,

                Petitioner,

    v.

RON HAYNES,

                Respondent.

CASE NO. 2:21-cv-00225-RSL-JRC

ORDER TO SHOW CAUSE

      This matter is before the Court on the parties' responses to the Court's order to show cause. Dkts. 13–15.

      In March 2021, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 was docketed in this matter. In the original petition, petitioner raised four grounds for relief from custody arising from his April 20, 2017, convictions. *See* Dkt. 3. The Court reviewed petitioner's filing and directed service of the petition and a response. Dkt. 4.

      On May 4, 2021, petitioner filed a motion to dismiss all charges and vacate his convictions. Dkt. 10. This motion appeared to seek to raise additional grounds to the four

ORDER TO SHOW CAUSE - 1

identified in the original habeas petition, so that the Court granted petitioner leave to amend his petition. Dkt. 11. The Court directed petitioner to file an amended petition on the Court's form, listing all grounds that he sought to advance for release from custody related to the 2017 convictions. Dkt. 11, at 2.

On May 28, 2021, petitioner filed his amended petition, which included three new grounds for relief (grounds five through eight). Dkt. 12. Petitioner alleged that the Washington State Court of Appeals denied his direct appeal on November 5, 2018, and that the Washington State Supreme Court denied his request for discretionary review on March 6, 2019. Dkt. 12, at 2–3. Petitioner further alleged that he filed a personal restraint petition ("PRP") on December 20, 2019, and that related to this PRP, the Washington State Supreme Court denied his motion to modify a Commissioner's ruling on February 3, 2021. Dkt. 12, at 5.

Notably, petitioner stated "remedies at the state level were not exhausted" for each of his new grounds (grounds five through eight) raised in the amended petition. Dkt. 12, at 22–26. Therefore, the Court directed petitioner to show cause regarding whether he wished to have his entire petition dismissed so that he could attempt to present grounds five to eight to the state court in the first instance, to stay the petition while he attempted to present these grounds to the state court, or to delete these grounds and proceed on the remaining grounds (one through four). Dkt. 13, at 3. Petitioner responded that he wished to delete grounds five through eight and proceed on the remaining grounds. Dkt. 14, at 1.

However, respondent then provided evidence that petitioner's mandate on his direct appeal issued March 22, 2019. Dkt. 15-1, at 2. Therefore, respondent asserts, petitioner cannot obtain any relief in state court because Washington law requires dismissal of any petition filed by petitioner as time-barred, at this point. *See* RCW 10.73.090(3)(b). Respondent has provided

citation to authority that in such a circumstance, the petition is "technically exhausted" and the Court may consider the merits of the otherwise unexhausted claims. Respondent is correct. In this situation, petitioner may include grounds five through eight in his amended petition, regardless of his admitted failure to litigate such issues in state court in the first instance. *See, e.g.*, *Bale v. Holbrook*, No. 317CV05188RBLJRC, 2017 WL 5899550, at *9 (W.D. Wash. Nov. 2, 2017), *report and recommendation adopted,* No. 317CV05188RBLJRC, 2017 WL 5755630 (W.D. Wash. Nov. 28, 2017) (in a case of otherwise unexhausted claims where petitioner was procedurally barred from bringing those claims in state court, examining whether petitioner had shown "cause and prejudice" for his failure to raise the claims in state court); *Skjold v. Glebe*, No. C16-1349-RSL-MAT, 2017 WL 2644243, at *4 (W.D. Wash. May 17, 2017), *report and recommendation adopted,* No. C16-1349-RSL, 2017 WL 2651722 (W.D. Wash. June 19, 2017) (addressing the merits of a claim, part of which had not been raised in state court, where petitioner no longer had any state remedies available to him and where respondent failed to raise the issue of procedural default).

      In view of this authority, petitioner may, in fact, include grounds five through eight in his petition, despite his admitted failure to raise them in state court in the first instance. The Court assumes that petitioner may not choose to delete these grounds if he had the option to include them in the petition.

      Therefore, the Court offers petitioner a further opportunity to clarify how he wishes to proceed. On or before **August 27, 2021,** petitioner shall (1) file a response to the show cause order clarifying that he wishes to proceed on his amended petition (Dkt. 12), grounds one through eight, and withdrawing his request to delete grounds five to eight, or (2) file an amended

1 petition deleting any grounds for relief that he no longer wishes to proceed on.  Petitioner shall
2 file a response to this show cause order, or this matter may be dismissed for failure to prosecute.
3       If petitioner wishes to file a second amended petition, it must not be a supplement to the
4 original petition or the first amended petition.  The second amended petition must comply with
5 Rule 2 of the Rules Governing Section 2254 Cases and be filed on the form provided by the
6 Court. The second amended petition must provide all the information required therein and the
7 second amended petition may not incorporate any part of any prior petition by reference. The
8 second amended petition must also be legibly rewritten or retyped in its entirety, it should be an
9 original and not a copy, and it should contain the same case number. The second amended
10 petition will act as a complete substitute for the original petition, and not as a supplement for any
11 prior petition.
12       The Clerk is directed to provide petitioner with the forms for filing a petition for habeas
13 corpus relief pursuant to 28 U.S.C. § 2254.
14       Dated this 27th day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER TO SHOW CAUSE - 4