UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY JOSEPH BAUS,<br><br>    Petitioner,<br><br>v.<br><br>RON HAYNES,<br><br>    Respondent. | CASE NO. 2:21-cv-00225-TL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND STRIKING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL, REQUESTING EXPEDITED REVIEW, AND TO COMPEL JUDGMENT |

  This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, Chief United States Magistrate Judge (Dkt. No. 25), Petitioner Jeffrey J. Baus' objections to the Report and Recommendation (Dkt. No. 26), and Respondent's Response to Petitioner's Objections to Report and Recommendation (Dkt. No. 29). Having reviewed the Report and Recommendation, Petitioner's objections, Respondent's response, and the remaining record, the Court ADOPTS the Report and Recommendation, OVERRULES the objections, and DISMISSES the Petition. Therefore, the Court also STRIKES as moot Petitioner's Motion to Appoint

Counsel (Dkt. No. 27), Petitioner's Motion Requesting Expedited Review (Dkt. No. 30), and Petitioner's Motion to Compel Judgment (Dkt. No. 33).

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

A jury convicted petitioner of second-degree rape and second-degree assault of R.M. in April 2017. Dkt. No. 20-1 at 2. Petitioner filed a writ of habeas corpus (Dkt. No. 3) which he amended (Dkt. No. 12). Petitioner then withdrew four grounds for his petition. Dkt. No. 17. Magistrate Judge Creatura issued a Report and Recommendation on the remaining four grounds. Dkt. No. 25. The Court has reviewed the Report and Recommendation as well as the seven objections filed by Petitioner.

The Court is extremely limited in its review of habeas petitions and must follow the law which requires:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

1  28 U.S.C. 2254(d).

2          Two of Petitioner's objections (*i.e.*, Objection 1 and 4) relate to Petitioner's allegation
3  that the prosecutor committed misconduct in closing argument by stating, "I mean, why are we
4  here if the presumption of innocence means he's innocent?" Dkt. No. 26 at 1 and 2-4.
5  Petitioner's first objection points out what he believes is an inconsistency in Judge Creatura's use
6  of the phrases "calling the presumption of innocence into question" in the Report and
7  Recommendation versus "undermined the presumption of innocence" in an earlier order. Dkt.
8  No. 26 at 1 (comparing Dkt. No. 25 at 1 to Dkt. No. 13 at 2). The Court does not see a significant
9  difference in the meaning of the two phrases. More importantly, Petitioner does not explain how
10 Judge Creatura's attempt to capture the gist of Petitioner's argument, or how the other trial
11 evidence and argument Petitioner references in Objection 4 (*id.* at 3), is at all relevant to the
12 inquiry this Court must make: whether the state court reasonably applied the law or made a
13 decision based on an unreasonable determination of the facts in the light of the evidence
14 presented. For the reasons stated in the Report and Recommendation (Dkt. No. 25 at 4-7), the
15 Court agrees that the state court reasonably applied the law in concluding that the prosecutor did
16 not commit misconduct in closing argument, and its decision was based on a reasonable
17 determination of the facts in the light of the evidence presented.

18         Petitioner also challenges the finding in the Report and Recommendation regarding the
19 state court's conclusion that his trial counsel did not render ineffective assistance of counsel for
20 failing to investigate the criminal history related to R.M.'s drug use. *Id.* at 4-6. Petitioner asserts
21 that if his counsel had investigated R.M.'s criminal history, "then she would have found eleven
22 convictions, not five, as stated at trial" and cites a doctor who opined that R.M. "was believed to
23 be under the influence of a street level stimulant such as methamphetamine as well." *Id.* at 4.
24 First, it appears that the information regarding the additional convictions referenced in the

petition (Dkt. No. 12 at 52) was not part of the record before the state court. *See* Dkt. No. 21 at 2-56. A federal court's review is "'limited to the record that was before the state court that adjudicated the claim on the merits,'" *Ross v. Davis*, 29 F.4th 1028, 1042 (9th Cir. 2022) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)); therefore, this Court cannot consider the new evidence. Second, the state appellate court noted that Petitioner's claims regarding R.M. using methamphetamine at the time of the incident was speculative, no evidence was provided that defense counsel had reason to know or suspect that R.M. was concealing methamphetamine use, and defense counsel thoroughly challenged the accuracy of R.M.'s memory and credibility based on her acknowledged drug use. Dkt. No. 21-1 at 23. Further, the state appellate court found that, "in light of the evidence of drug use considered by the jury, even assuming deficient performance [by defense counsel], there is no reasonable likelihood that the outcome of the trial would have been different if counsel had discovered and presented such evidence." *Id.* at 24. Petitioner continues to cite speculative evidence: *i.e.*, "in the medical opinion of Dr. Robert Julien, [R.M.] **was believed to be** under the influence of a street level stimulant **such as methamphetamines** as well." Dkt. No. 26 at 4 (emphasis added). Again, the Court's review is a limited one, and the Court finds that the state appellate court reasonably applied the law and made a decision based on a reasonable determination of the facts in the light of the evidence presented.

      In two of Petitioner's objections (*i.e.*, Objections 2 and 7), he objects to certain facts that Judge Creatura included in the background section of the Report and Recommendation (Dkt. No. 26 at 2 and 6), but the background section is merely meant to briefly lay out the big picture of the case and not recount every detail of an entire trial and post-trial proceedings. In Objection 2, Petitioner objects that Judge Creatura focused on a portion of the trial testimony given by Nurse Dahl, a witness at trial, versus a statement she wrote that was included with his

ORDER ADOPTING REPORT AND RECOMMENDATION AND STRIKING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL, REQUESTING EXPEDITED REVIEW, AND TO COMPEL JUDGMENT - 4

petition. *Id.* at 2. It does not appear that the statement Petitioner references was part of the record before the state court. *See* Dkt. No. 21 at 2-56. Accordingly, the Court cannot consider the statement. *Cullen*, 563 U.S. at 181. Regardless, the Court notes that Nurse Dahl's trial testimony cited by Judge Creatura is substantially similar to and covers the same main facts contained in her statement that Petitioner references in his second objection. *Compare* Dkt. No. 21-1 at 93, 96-97 with Dkt. No. 12 at 50-51.

Petitioner also states that Judge Creatura "mis-interprets the truth" when he wrote that Petitioner would not let R.M. tell her friends she was leaving because R.M. said to a detective she could not find her friend. Dkt. No. 26 at 6-7. However, R.M. testified at trial both that she could not find her friend and that Petitioner did not allow her to find her friend. Dkt. No. 22 at 58-60. Therefore, the jury already considered the facts to which Petitioner points. In any event, these facts are neither raised as part of the petition nor does Petitioner explain how these objections are significant to either his petition or the core holdings of the Report and Recommendation.

Petitioner's remaining objections (*i.e.*, Objection 3 and 6) relate to prior orders of Judge Creatura regarding Petitioner's Motion to Dismiss (Dkt. No. 10). These objections reference Judge Creatura's orders on the motion to dismiss (Dkt No. 11) and for an answer to the petition (Dkt. No. 18). *See* Dkt. No. 26 at 2 and 6. Judge Creatura addressed the motion to dismiss in the Report and Recommendation (Dkt. No. 25 at 12) because Petitioner raised the issue in his Response to the Respondent's Answer (Dkt. No. 23). The orders in question were issued on May 12, 2021 and September 4, 2021, respectively, and Petitioner's Response to the Respondent's Answer was filed on November 19, 2021. However, Fed. R. Civ. P. 72(a) requires that any objection to a magistrate judge's order must be served and filed within fourteen days of being served with a copy of the order. Even if Petitioner's Response to the Respondent's Answer

was to be broadly construed as an objection to the previous orders, they were still untimely by months. It follows that he cannot attempt to revive the issue yet again through his objections to the Report and Recommendation.

For the foregoing reasons, the Court hereby ORDERS that:

(1) The Report and Recommendation of Magistrate Judge Creatura is ADOPTED by the Court;

(2) Plaintiff's objections are OVERRULED;

(3) Plaintiff's federal habeas petition is DENIED, and the matter is DISMISSED with prejudice;

(4) A certificate of appealability is DENIED in this case; and

(5) The Court STRIKES as moot Plaintiff's Motions to Appoint Counsel (Dkt. No. 27), Plaintiff's Motion Requesting Expedited Review (Dkt. No. 30), and Plaintiff's Motion to Compel Judgment (Dkt. No. 33).

Dated this 17th day of June 2022

Tana Lin
United States District Judge